IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SAMUEL H. MUKASA,

    Plaintiff,

vs.                             CASE NO.: 1:98cv114-SPM

SHANDS TEACHING HOSPITAL
& CLINICS, INC.,

    Defendant.
_____/

## ORDER DENYING MOTION AGAINST DISMISSAL OF ACTION

Pending before the Court is Plaintiff Samuel H. Mukasa's "Motion Against Dismissal of Action" (doc. 72), which the Court will construe as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). In his motion[1], Plaintiff, who is now proceeding *pro se*, seeks to invalidate a settlement agreement and to set aside the dismissal of his case. The Court dismissed Plaintiff's case by order dated September 24, 1999 in accordance with a

---

[1] In addition to the motion, Plaintiff's arguments are contained in various supplemental filings, including Plaintiff's Notice of Filing (doc. 73), Plaintiff's Second Notice of Filing (doc. 75), Plaintiff's Third Notice of Filing Newly Discovered Evidence (doc. 76), Plaintiff's Opposition to Defendant Motion to Strike (doc. 80), and Plaintiff's Second Motion for Reconsideration (doc. ___). Although these filings were not all submitted in accordance with local rule, the Court has considered them nonetheless.

83

settlement agreement the parties entered into just days prior to trial.

Plaintiff argues that the settlement should be invalidated and the dismissal of his case set aside because (1) he was under duress when he entered into the settlement agreement, (2) he was the victim of defendant's fraudulent conduct, and (3) he was dissatisfied with the representation provided by his own lawyer. For the reasons explained in this order, Plaintiff's motion will be denied.

## DISCUSSION

A settlement agreement brings a case to conclusion and, in a manner similar to a judgment or contract, is binding upon the parties. See United States Fire Insurance Co. v. Caulkins Indiantown Citrus Co., 931 F.2d 744, 748 (11th Cir.1991) ("[t]he settlement of a dispute generally renders a case moot"); Freeman v. Motor Convoy, 700 F.2d 1339, 1352 (11th Cir.1983) (holding that a plaintiff is bound by the terms of a settlement to which he has knowingly and voluntarily agreed); see also 15A Am. Jur. 2d Compromise and Settlement § 25 (1976). The binding effect of a settlement must be recognized unless there are grounds to show that the settlement was invalid. See Freeman, 700 F.2d at 1352. Grounds such as duress and fraud have been relied upon to invalidate settlement agreements. See 15A Am. Jur. 2d Compromise and Settlement §§ 29, 30 (1976). Although Plaintiff attempts to allege such grounds, a review of his allegations shows that he was not subject to the kind of duress or fraud that is necessary to invalidate a settlement agreement.

2

## 1. Duress

In his motion, Plaintiff explains that he was under duress to settle this case because he feared the Court would enter sanctions against him for altering documentary evidence. The issue of sanctions came before the Court at an emergency hearing on Thursday, September 23, 1999. At the hearing, the parties advised the Court that altered documents were discovered among the exhibits being exchanged in preparation for trial. The parties further advised that the altered documents consisted of copies of medical records collected by Plaintiff to support his case, which Plaintiff produced in response to Defendant's discovery request. Information detrimental to Plaintiff was found missing from some of these documents.

Plaintiff's counsel argued that some of the alterations appeared to have been inadvertently and unintentionally caused when photocopies were made after Plaintiff placed yellow adhesive notes and round yellow stickers over the information. The parties were not sure whether alterations were present on all of the documents.

After hearing from both parties, the Court refused Defendant's request to strike all of the documents in question, which Plaintiff had intended to use to prove his case at trial. Instead, the Court struck the documents that were shown to be altered when compared to the original medical records. The Court also struck documents that could not be verified by comparison with the original

medical records. The Court then took the matter of sanctions under advisement and indicated that it would reserve ruling until a later date so that more information could be gathered about the origin and handling of the altered documents. In the meanwhile, the parties were instructed to be ready for trial, which was scheduled to commence the following Monday morning, September 27, 1999.

Plaintiff was present at the emergency hearing. It was immediately after this hearing that the parties engaged in settlement negotiations which led to the settlement agreement.

Given the discovery of altered documents, it is understandable why Plaintiff may have felt pressured to settle his case. Defendant was seeking sanctions, which Plaintiff apparently felt would be issued against him. These circumstances, however, do not constitute duress in a legal sense.

The kind of duress necessary to set aside a settlement cannot be predicated upon a threat to perform an act which a person has a lawful right to perform. See City of Miami v. Kory, 394 So. 2d 494, 498 (Fla. 3d DCA 1976); 25 Am. Jur. 2d Duress and Undue Influence § 16 (1996). Rather, there must be some improper or illegal conduct leading to the duress. See Kory, 394 So. 2d at 498. Moreover, no duress will be found in circumstances where the person claiming duress could have sought relief from the courts instead of yielding to compulsion. See id. at 499 ("[T]hreatened action cannot constitute duress when

4

there are adequate legal remedies available with which to challenge it."); see also 15A Am Jur.2d Compromise and Settlement, § 30 (1976).

In the instant case, even if it is assumed that Defendant lacked a good faith basis for seeking sanctions against Plaintiff, there is no reason why Plaintiff could not have sought relief from the Court instead of yielding to compulsion. Plaintiff was present at the hearing when the issue of sanctions was discussed and when the Court stated it would reserve ruling until more information became available. Thus, Plaintiff cannot show the kind of duress necessary to set aside his settlement agreement.

### 2. Fraudulent Conduct

Plaintiff also argues in his motion that the settlement agreement should be set aside because of fraudulent conduct on the part of Defendant. The basis for the alleged fraud is Plaintiff's belief that it was Defendant, not Plaintiff, that altered the documents in question, presumably in order to gain leverage over Plaintiff by threat of sanctions. Plaintiff also complains that Defendant made a misrepresentation to the Court by stating that it could not match some of the documents in question to the original medical records. Plaintiff's complaints culminate in an accusation that Defendant destroyed some of the original medical records. Based on this alleged misconduct, Plaintiff argues that he was fraudulently induced to enter into the settlement agreement. The argument is without merit.

Assuming Plaintiff's accusations against Defendant are true, there is no indication that Plaintiff relied on any of the alleged misrepresentations when he entered into the settlement agreement, since he believed the representations to be false. Indeed, Plaintiff was in a better position than anyone to know whether he altered the documents or not. Plaintiff was also present at the hearing when Defendant stated that some of the documents in question could not be matched with the original medical records. Plaintiff claims this statement was false because he knew of a way to match the documents to the records.

A claim of fraud cannot be based upon misrepresentations that are known to be false or that are of such questionable reliability. See Finn v. Prudential-Bach Securities, Inc., 821 F.2d 581, 586 (11th Cir. 1987) (citing Pettinelli v. Danzig, 722 F.2d 706, 710 (11th Cir. 1984)). These alleged misrepresentations therefore do not establish fraud and do not justify invalidating the settlement agreement.

With regard to the alleged destruction of original medical records, Plaintiff has not indicated any causal connection between his decision to enter into the settlement agreement and the destruction of the records. Such a causal connection is necessary before the settlement agreement will be deemed to be involuntary, and thus set aside. See Kory, 394 So. 2d at 498. Accordingly, the alleged destruction of medical records is not a sufficient ground for invalidating the settlement agreement and setting aside the dismissal of this case.

### 3. Dissatisfaction With Own Lawyer

Finally, Plaintiff argues that his settlement agreement should be set aside because Plaintiff was dissatisfied with the services of his lawyer. Specifically, Plaintiff complains that his lawyer should have sought a continuance of trial or a voluntary dismissal <u>without</u> prejudice as an alternative to settlement of the case. Plaintiff's argument is without merit.

First, dissatisfaction with one's own lawyer is not an appropriate ground for reopening a case to allow another opportunity for trial. See <u>Medeci v. Merrell Nat'l Lab.</u>, 711 F.2d 1510, 1522-23 (11th Cir. 1983). Second, the Court would not have granted a continuance if requested. Nor would the Court have allowed a dismissal <u>without</u> prejudice, absent a stipulation from Defendant to such. See Fed. R. Civ. P. 41(a)(1)(ii) and 41(a)(2).

Based on the foregoing, the Court finds that Plaintiff has not alleged sufficient grounds to invalidate his settlement agreement and to set aside the dismissal of this case. Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's "Motion Against Dismissal of Action" (doc. 72) is denied.

DONE AND ORDERED this 4th day of February, 2000.

/s/ Stephan P. Mickle
United States District Judge