IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SAMUEL H. MUKASA,

    Plaintiff,

vs.                                                    CASE NO.: 1:98cv114-SPM

SHANDS TEACHING HOSPITAL
& CLINICS, INC.,

    Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS CAUSE comes before the Court upon Plaintiff's motion for reconsideration (doc. 84) and notice of filing in support (doc. 85). Both contain arguments by Plaintiff as to why the Court should reconsider its decision (doc. 83) to deny Plaintiff's motion to set aside the dismissal of this case and to rescind the settlement agreement. Defendant filed a response (doc. 86) to the notice of filing only.[1]

Plaintiff's motion for reconsideration will be denied for two reasons. First, most of Plaintiff's grounds for reconsideration consist of arguments stated in the original motion. As such, they were already considered and rejected by the

---

[1] In the response, Defendant explains that it did not receive a motion for reconsideration and presumes that the notice of filing is itself a motion for reconsideration.



Court. A motion for reconsideration should not be used to reiterate arguments previously made, considered and rejected. See Z.K. Marine, Inc. v. M/V Archigetis, 808 F.Supp. 1561, 1563 (S.D. Fla. 1992). Second, to the extent Plaintiff raises new arguments in his motion for reconsideration, Plaintiff has failed to explain why he did not raise those arguments in his original motion. A motion for reconsideration should not be used to present new arguments unless it is shown that the new arguments were unavailable when the original motion was made. See id.; Mays v. U.S. Postal Service, 122 F.3d 43, 46 (11th Cir. 1997). Thus for the foregoing reasons, the motion for reconsideration will be denied.

In closing, however, the Court makes note of the following. It was practically on the eve of trial, after learning of some possible difficulties with his case, that Plaintiff was presented with the options of either accepting the settlement agreement or proceeding to trial. Although Plaintiff explains that he would have rather chosen a continuance of trial, no continuance was forthcoming. Plaintiff entered into the settlement agreement knowingly and voluntarily and with the advice of counsel. Plaintiff should not have entered into the settlement agreement if his main purpose was to repudiate it later in a back-door attempt to obtain a continuance.

The terms of the settlement agreement between Plaintiff and Defendant were plain and unambiguous. Plaintiff could not have been left with the mistaken

impression that his obligations under the settlement agreement gave him any room to pursue his case against Defendant at a later date. Although Plaintiff does not affirmatively state that he was left with such a mistaken impression, even if he were, the settlement agreement would not be set aside. Generally, mistake as to the terms of an agreement will not excuse one's obligations under the agreement unless the mistake is mutual or induced by the other party. See Lee v. Hunt, 631 F.2d 1171, 1177 (5th Cir. Unit A 1980). In this case, there is no indication that Plaintiff was mislead by Defendant as to the terms of the settlement agreement. Furthermore, an agreement will not be rescinded where it is not possible for the parties to return to their original positions. See Williams v. International Ass'n of Machinists and Aerospace Workers, 484 F.Supp. 917, 919 (S.D. Fla. 1978). In this case, there is no way to rescind the settlement agreement without altering the positions of the parties because, in effect, Plaintiff would obtain a continuance of trial that he desired but was not entitled to receive. Such a result would not be completely equitable.

Having found no valid reason to disturb the original ruling, it is hereby ORDERED AND ADJUDGED that Plaintiff's motion for reconsideration (docs. 84 and 85) is DENIED.

DONE AND ORDERED this 7th day of March, 2000.

Stephan P. Mickle
United States District Judge